United States Bankruptcy Court
Eastern District of Pennsylvania

In re:                                                                     Case No. 14-18374-sr
Jacquelyn I. Ortolani                                                      Chapter 7
        Debtor

# CERTIFICATE OF NOTICE

District/off: 0313-2           User: admin              Page 1 of 1          Date Rcvd: Jan 23, 2015
                               Form ID: 180NEW          Total Noticed: 10

```
Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Jan 25, 2015.
db           +Jacquelyn I. Ortolani,    122 Gwynmont Drive,    North Wales, PA 19454-1814
13407959     +ABINGTON MEMORIAL HOSPITAL,    2510 MARYLAND RD--STE200,    WILLOW GROVE, PA 19090-1109
13407962     +NANCY LARKIN TAYLOR,    43 East Oakland Lane,    Doylestown, PA 18901-4643
13407963      WELLS FARGO HOME MORTGAGE,    PO BOX 105693,    ATLANTA, GA 30348-5693
Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
tr            EDI: BTPDERSHAW.COM Jan 24 2015 01:58:00      TERRY P. DERSHAW,    Dershaw Law Offices,
               P.O. Box 556,    Warminster, PA 18974-0632
smg           E-mail/Text: bankruptcy@phila.gov Jan 24 2015 02:10:54      City of Philadelphia,
               City of Philadelphia Law Dept.,    Tax Unit/Bankruptcy Dept,    1515 Arch Street 15th Floor,
               Philadelphia, PA 19102-1595
smg           E-mail/Text: RVSVCBICNOTICE1@state.pa.us Jan 24 2015 02:09:22
               Pennsylvania Department of Revenue,    Bankruptcy Division,    P.O. Box 280946,
               Harrisburg, PA 17128-0946
smg          +E-mail/Text: usapae.bankruptcynotices@usdoj.gov Jan 24 2015 02:10:45      U.S. Attorney Office,
               c/o Virginia Powel, Esq.,    Room 1250,    615 Chestnut Street,    Philadelphia, PA 19106-4404
13407960      EDI: IRS.COM Jan 24 2015 01:58:00      DEPARTMENT OF TREASURY-IRS,    PO BOX 21126,
               PHILADELPHIA, PA 19114-0326
13407961     +E-mail/Text: Diane@mvrlaw.com Jan 24 2015 02:08:52      MARTHA VON ROSENSTIEL ESQ,
               2014-23915 MONTG CO PA,    649 SOUTH AVE--SUITE 7,    SECANE, PA 19018-3541
                                                                                               TOTAL: 6

             ***** BYPASSED RECIPIENTS *****
NONE.                                                                                          TOTAL: 0
```

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 9): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Jan 25, 2015                                          Signature:   /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

```
The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on January 22, 2015 at the address(es) listed below:
              JILL  MANUEL-COUGHLIN    on behalf of Creditor    WELLS FARGO BANK, N.A. jill@pkjllc.com,
               chris.amann@pkjllc.com;nick.bracey@pkjllc.com
              TERRY P. DERSHAW    td@ix.netcom.com, PA66@ecfcbis.com;7trustee@gmail.com
              United States Trustee    USTPRegion03.PH.ECF@usdoj.gov
              WAYNE R. CROMIE    on behalf of Debtor Jacquelyn I. Ortolani cromie-bky@verizon.net
                                                                                             TOTAL: 4
```

B18 (Official Form 18) (12/07)

# United States Bankruptcy Court

Eastern District of Pennsylvania
**Case No. 14–18374–sr**
**Chapter 7**

In re: Debtor(s) (name(s) used by the debtor(s) in the last 8 years, including married, maiden, trade, and address):
    Jacquelyn I. Ortolani
    122 Gwynmont Drive
    North Wales, PA 19454

Social Security No.:
    xxx–xx–2117

Employer's Tax I.D. No.:

## DISCHARGE OF DEBTOR

It appearing that the debtor is entitled to a discharge,

**IT IS ORDERED:**

The debtor is granted a discharge under section 727 of title 11, United States Code, (the Bankruptcy Code).

                                                        BY THE COURT

Dated: 1/22/15                                            Stephen Raslavich
                                                            United States Bankruptcy Judge

**SEE THE BACK OF THIS ORDER FOR IMPORTANT INFORMATION.**

# EXPLANATION OF BANKRUPTCY DISCHARGE
## IN A CHAPTER 7 CASE

This court order grants a discharge to the person named as the debtor. It is not a dismissal of the case and it does not determine how much money, if any, the trustee will pay to creditors.

**Collection of Discharged Debts Prohibited**

The discharge prohibits any attempt to collect from the debtor a debt that has been discharged. For example, a creditor is not permitted to contact a debtor by mail, phone, or otherwise, to file or continue a lawsuit, to attach wages or other property, or to take any other action to collect a discharged debt from the debtor. *[In a case involving community property:* There are also special rules that protect certain community property owned by the debtor's spouse, even if that spouse did not file a bankruptcy case.] A creditor who violates this order can be required to pay damages and attorney's fees to the debtor.

However, a creditor may have the right to enforce a valid lien, such as a mortgage or security interest, against the debtor's property after the bankruptcy, if that lien was not avoided or eliminated in the bankruptcy case. Also, a debtor may voluntarily pay any debt that has been discharged.

**Debts That are Discharged**

The chapter 7 discharge order eliminates a debtor's legal obligation to pay a debt that is discharged. Most, but not all, types of debts are discharged if the debt existed on the date the bankruptcy case was filed. (If this case was begun under a different chapter of the Bankruptcy Code and converted to chapter 7, the discharge applies to debts owed when the bankruptcy case was converted.)

**Debts That are Not Discharged.**

Some of the common types of debts which are not discharged in a chapter 7 bankruptcy case are:

a. Debts for most taxes;

b. Debts incurred to pay nondischargeable taxes;

c. Debts that are domestic support obligations;

d. Debts for most student loans;

e. Debts for most fines, penalties, forfeitures, or criminal restitution obligations;

f. Debts for personal injuries or death caused by the debtor's operation of a motor vehicle, vessel, or aircraft while intoxicated;

g. Some debts which were not properly listed by the debtor;

h. Debts that the bankruptcy court specifically has decided or will decide in this bankruptcy case are not discharged;

i. Debts for which the debtor has given up the discharge protections by signing a reaffirmation agreement in compliance with the Bankruptcy Code requirements for reaffirmation of debts; and

j. Debts owed to certain pension, profit sharing, stock bonus, other retirement plans, or to the Thrift Savings Plan for federal employees for certain types of loans from these plans.

**This information is only a general summary of the bankruptcy discharge. There are exceptions to these general rules. Because the law is complicated, you may want to consult an attorney to determine the exact effect of the discharge in this case.**